P. Raymond Sirignano, J.
Petitioner moves, pursuant to 'CPLR 7511 (subd. [c], par. 2), for a judgment modifying the award of the arbitrator in the above-captioned action upon the ground that the arbitrator has exceeded his authority in making the award.
This action involves a grievance brought by two members of the respondent association pursuant to an arbitration clause contained in an agreement entered into between petitioner and respondent. The two teachers who are members of the Croton School System applied to the Croton Board of Education for sabbatical leaves for the year 1972-73. The board denied the applications for budgetary reasons and the matter was thereafter submitted to arbitration.
The issue presented to the arbitrator for determination was stated in the arbitrator’s decision to be as follows: “ The dispute is concerned with the Board of Education’s refusal to grant any sabbatical leaves for the 1972-73 school year because of the cost involved ”.
In his award the arbitrator found: “ The refusal of the Board of Education to grant any sabbatical leaves for the 1972-73 school year for budgetary reasons was a violation of the parties’ agreement. The Board is directed to make the two applicants whole by granting such leave to them in the next school year. Such leave shall be in addition to any other leaves the Board is obligated to grant for the next year.”
The petitioner does not, however, challenge the merits of the decision of the arbitrator, but rather it is seeking a modification and correction of his award by deleting therefrom that part of the award which orders the board to grant sabbatical leave to the two teachers for the 1973-74 school year.
It is the petitioner’s contention that the arbitrator violated the contract provisions from which he derived his authority by virtue of the fact that he, in effect, rewrote the terms of the agreement when he directed that the two teachers involved shall be given sabbatical leaves for the 1973-74 school year, thereby usurping the authority of the petitioner board.
Respondent in opposing this application contends that the arbitrator did not exceed his authority in making his award, *185 and that the award is proper and it should be confirmed in its entirety.
The provisions of the agreement entered into by the parties in applicable part provide as follows:
* ‘ ARTICLE IX — LEAVES ; SECTION E-SABBATICAL LEAVE
“ 1. Sabbatical leave may be granted once every seven (7) years for one (1) school year to a teacher who has seven (7) or more years of service in the local school system. The leave is to be used for travel, study, or other activity which will contribute to the professional growth of the teacher.
“ 2. The salary of the teacher on sabbatical leave will be eighty-five percent (85%) of his regular salary for that year.
“ 3. A request for Sabbatical Leave must be submitted to the District Principal no later than February 1st for a leave to be effective September 1st.
“4. The request for Sabbatical Leave will outline a specific program of study or travel, or both — indicating the extent and nature of the activity, arrangements made with colleges, or places to be visited, and a statement showing how these activities will enrich the background of the teacher and be of benefit to the school system. If several requests for Sabbatical Leave are received and a choice of candidates must be made, the Board will give preference to the candidates who have presented a formal program of study, as opposed to an informal program of travel for professional growth.”
The aforesaid agreement also provides:
“ ARTICLE XII — GRIEVANCE PROCEDURE
“ A. The primary purpose of the procedure set forth in this Article is to secure, at the lowest possible level, equitable solutions to problems arising from the interpretation of the Agreement * * *
“ E. Level Four — Either party may file with the other party and with the Public Employment Relations Board a notice of intention to submit the grievance to an arbitrator for a binding decision. The parties shall, within ten school days of such notice, select an arbitrator by mutual agreement. In the event the parties are unable to mutually agree upon the selection of an arbitrator, the arbitrator shall be selected by the parties upon application to and in accordance with the rules of the American Arbitration Association. The arbitrator shall issue his decision • not later than twenty calendar days from the date of the closing of the hearings, or if oral hearings have been waived, from they *186 date of transmitting the final statements and proofs to the arbitrator. The decision shall be in writing and shall set forth the arbitrator’s opinions and conclusions on the issues submitted. ’ ’
The arbitrator in his opinion and award also determined that “ there is no dispute over the qualifications of the two teachers who applied for leaves. They were not rejected on the merits.”
In concluding his opinion the arbitrator also stated, 11 In my opinion the Board violated its commitment when it failed to grant leaves to the two applicants who applied. The only sensible remedy is to grant them sabbaticals next year in lieu of last year. ’ ’
It is the petitioner’s contention that the arbitrator in making this award usurped the function of the School Board by directing that the two teachers shall be awarded sabbatical leave for 1973-74.
It claims also that instead of deciding the narrow issue presented to him, the arbitrator took it upon himself to decide the entire question of the meaning of the language in the sabbatical leave clause in the contract.
That the arbitrator made the determination that the language of the contract which provides that “ sabbatical leave may be granted ’ ’, should be interpreted as meaning that sabbatical leaves must be grant,ed by the board, although he conceded that it shall be subject to compliance with the conditions set forth in the contract.
Respondent, on the other hand, contends that the arbitrator did not exceed his powers in making the award. That the board has no discretion in the granting of applications for sabbaticals so long as only two applicants apply and they meet the qualifications set forth in the contract. It admits however, that had more than two applicants applied, then in that event the board would have to make a decision as to which of the applicants would be granted leave as is set forth in article IX (§ E, subd. 4) of the agreement. It contends further that the arbitrator in directing that sabbaticals should be granted to these particular teachers during the 1973-74 school year, was not exceeding his authority or making a new contract for the parties, but rather he was rendering a sensible award under the circumstances.
Although it appears from the papers submitted upon this application that Mr. Blaney, the District Principal, testified at the heating before the arbitrator that he would have recommended the granting of the two sabbatical leave requests, it also *187 appears that the applications were not denied by the board upon their merits but rather for “ budgetary reasons ” only.
From a review of the decision of the arbitrator, the court concludes that the sole issue that was before him for determination was whether the applications for sabbaticals could be denied for “ budgetary reasons ”.
He was not, in the court’s opinion, required to determine any other facet of the applications for the sabbaticals, as this determination should be left to the board. The clause in the contract that provides for the sabbaticals (art. IX, § E) provides in subdivisions 3 and 4 thereof:
“ 3. A request for Sabbatical Leave must be submitted to the District Principal * * *
‘ ‘ 4. The request * * * will outline a specific program of study and travel, or both * * * and a statement showing how these activities will enrich the background of the teacher and be of benefit to the school system. ’ ’
Thus it is patently clear from the language of the agreement that a review of each and every application for sabbatical leave is necessary to determine if it meets with the criteria or requirements set forth in the leave provisions in section E of article IX of the agreement.
The direction by the arbitrator that the two applicants whose applications were denied last year for budgetary reasons should automatically be entitled to such leave this year, would contravene, in the court’s opinion, the intent of the agreement and act to usurp the power of both the District Principal who has the apparent duty to preliminarily review the application and make a recommendation to the board, as well as to usurp the power of the board which has the duty to make the ultimate choice as to whether the applicants have complied with the prerequisite requirements.
Our courts have held that where an arbitrator’s award results from his construction of the contract, the court should not overrule the arbitrator because its interpretation of the contract is different from the arbitrator. (Steelworkers v. Enterprise Corp., 363 U. S. 593.)
The court stated (p. 597), however, “ Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of * * * justice C: * ® his award is legitimate only so long as it draws its essence from the * * * agreement. When the arbitrator’s words manifest an infidelity *188 to this obligation, courts have no choice but to refuse enforcement of the award.”
Further authority for the proposition that an award in excess of the powers of the arbitrator should be vacated and modified is found in Matter of Marchant v. Mead-Morrison Mfg. Co. (252 N. Y. 284); Matter of Consolidated Carting Corp. (Local No. 282) (28 A D 2d 667).
The court concludes that, in the instant case, the arbitrator exceeded his authority when he directed that sabbatical leaves be granted to the applicants, without allowing the board the right to review the applications upon their respective merits.
Accordingly, the court directs that the award of the arbitrator be modified to the extent that the portion of the award which reads: “ The Board is directed to make the two applicants whole by granting such leaves to them in the next year ”, be deleted therefrom.
The award is in all other respects confirmed.